**UNITED STATES of America**
v.
**Harold Berttus DRISCOLL.**
No. 69–339–Cr.

United States District Court
S. D. Florida,
Miami Division.
Sept. 12, 1969.

William A. Meadows, U. S. Atty., and Michael J. Osman, Asst. U. S. Atty., Miami, Fla., for the United States.

Eugene P. Spellman, of Spellman & Hartnett, Miami, Fla., for defendant.

**ORDER DENYING MOTION TO DISMISS**

ATKINS, District Judge.

On July 29, 1969 defendant Harold Berttus Driscoll was charged by the grand jury with transporting a stolen vessel in foreign commerce in violation of Title 18 U.S.C. Section 2314. Driscoll has now moved to dismiss this indictment on the grounds that the vessel involved was never transported in foreign commerce within the meaning of Title 18 U.S.C. § 10 which defines the term as used in the penal statute. For the purpose of considering this motion, the facts are that:

On June 6, 1969 at 4:30 a. m. Driscoll took a fishing boat named the Sea Breeze from the City Yacht Basin in Miami. Shortly thereafter the vessel

was observed approximately 12 miles off Miami Beach, Florida, heading in a southerly direction. At approximately 1:20 p. m. the boat was sighted 200 yards from the Florida coast and the defendant was in a lifeboat paddling to shore.

Foreign commerce is defined in Title 18 U.S.C. § 10 as "commerce with a foreign country." It is undisputed that defendant did not reach a foreign country. However, he did leave the boundaries of the United States with the vessel. For the Court to hold that this did not bring the vessel into foreign commerce would produce an absurd result. If a ship were pirated from New York and caught just outside the 3-mile limit of the English coast before reaching that coast the pirates could argue that the ship was never in foreign commerce.

 The cases on the subject are not dispositive as the facts in this cause are unique. The case of United States v. Braverman, 376 F.2d 249 (2nd Cir. 1967) is helpful though. It involved acts in violation of Title 18 U.S.C. § 2314 which took place solely in a foreign country. In responding to a jurisdictional attack somewhat similar to the one in the instant case the Court said:

> There would seem to be no logical reason for holding that Congress intended to punish those who cause the violation of a law regulating and protecting foreign commerce only when they act within the borders of the United States or that Congress is powerless to protect foreign commerce and those who engage in foreign commerce from intentionally injurious acts, simply because those acts occur outside our borders.

The question of defendant's intent to place the vessel in foreign commerce is for the jury to determine. At this stage the Court finds that the facts are sufficient to support its jurisdiction.